UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EMMANUEL O. EBEA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:07-cv-1146-DFH-TAB |
| ) | |
| BLACK & DECKER (U.S.), INC. and ) | |
| G&H DIVERSIFIED, ) | |
| ) | |
| Defendants. ) | |

ENTRY ON DEFENDANT G&H DIVERSIFIED'S MOTION TO DISMISS

On March 22, 2006, plaintiff Emmanuel O. Ebea severed his left thumb while working at defendant G&H Diversified's manufacturing plant. He was using a saw manufactured by defendant Black & Decker (U.S.), Inc. Ebea filed this lawsuit in Indiana state court seeking damages from both defendants for negligence and from Black & Decker pursuant to the Indiana Products Liability Act, Ind. Code. § 34-20-2-1 *et seq.*

Black & Decker properly removed the case to this court based on federal diversity jurisdiction under 28 U.S.C. § 1332. G&H has moved to dismiss the claim against it under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. For the reasons explained in this entry, the court denies G&H's motion to dismiss.

*Motion to Dismiss under Rule 12(b)(1)*

G&H argues that Ebea was its employee at the time of his injury, so that he may seek compensation from G&H only pursuant to the Indiana Worker's Compensation Act, Ind. Code. § 22-3-2-2 *et seq.* Black & Decker filed a response to G&H's motion pointing out that it should be construed as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), not a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).

In Indiana state court, G&H would properly assert its worker's compensation defense through a motion to dismiss for lack of subject matter jurisdiction:

> When an employer defends against an employee's negligence claim on the basis that the employee's exclusive remedy is to pursue a claim for benefits under the Indiana Worker's Compensation Act, the defense is properly advanced through a motion to dismiss for lack of subject matter jurisdiction under Indiana Trial Rule 12(B)(1).

*GKN Co. v. Magness*, 744 N.E.2d 397, 399 (Ind. 2001). In federal court, however, this affirmative defense does not affect the court's subject matter jurisdiction. See *Goetzke v. Ferro Corp.*, 280 F.3d 766, 778-79 (7th Cir. 2002) (holding that an exclusivity defense under Indiana Worker's Compensation Act did not affect subject matter jurisdiction based on diversity of citizenship; defense addressed merits of claim). This court has subject matter jurisdiction here pursuant to the federal diversity jurisdiction statute, 28 U.S.C. § 1332. "The jurisdiction of the federal courts – their power to adjudicate – is a grant of authority to them by

Congress." *Goetzke*, 280 F.3d at 778-79, quoting *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167 (1939). In general, a state cannot expand or contract the subject matter jurisdiction of the federal courts. *Goetzke*, 280 F.3d at 779. Because this court has subject matter jurisdiction over this action pursuant to the federal diversity statute, G&H's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) must be denied.

*Motion to Dismiss under Rule 12(b)(6)*

At the defendants' suggestion, the court has also considered whether it should dismiss the action under Rule 12(b)(6) on the theory that Ebea has failed to state a claim upon which relief can be granted. See *Goetzke*, 280 F.3d at 779. When subject matter jurisdiction is based on the diversity of the parties' citizenship, the court applies state substantive law. "If state substantive law has denied a plaintiff a remedy for his cause of action, the district court must dismiss the complaint for failure to state a claim upon which relief may be granted." *Id.*

Under Indiana law, if an employment relationship existed between G&H and Ebea at the time of his accident, the exclusivity provision of the Act limits his remedies to those provided by the Indiana Worker's Compensation Board. Ind. Code § 22-3-2-6; see also *Evans v. Yankeetown Dock Corp.*, 491 N.E.2d 969, 972 (Ind. 1986) (Ind. Code. § 22-3-2-6 "operates to exclude common law rights and

remedies of such employees who are 'subject to this act on account of personal injury or death by accident'").

At the time of his accident, Ebea was employed by Express Personnel Services, a service that furnished temporary workers to other businesses. Express Personnel had assigned Ebea to work at G&H approximately ten weeks before he was injured. Under the worker's compensation law, an employee may have more than one employer at the same time. *GKN Co.*, 744 N.E.2d at 402, citing Ind. Code § 22-3-3-31. Therefore, it is possible that Ebea was employed by both Express and G&H at the time of his injury. If so, his remedies against both would be limited to those provided by the worker's compensation law.[1]

Indiana courts consider seven factors in determining whether an employment relationship exists for purposes of applying the worker's compensation bar:

---

[1] Express was solely responsible for paying Ebea. Pl. Br. 9. Thus, if G&H was also his employer at the time of the accident, Ebea would likely receive no compensation from G&H under the worker's compensation law:

> Whenever any employee for whose injury or death compensation is payable under [the Act] . . . shall at the time of the injury be in the joint service of two [2] or more employers subject to [the Worker's Compensation Act] . . . , such employers shall contribute to the payment of such compensation in proportion to their wage liability to such employees . . . .

Ind. Code § 22-3-3-31. However, even if a putative employer lacks wage liability, this fact does not necessarily preclude a finding that an employment relationship existed. See *Motor Dispatch, Inc. v. Snodgrass*, 362 N.E.2d 489, 491 (Ind. App. 1977).

> (1) the right to discharge; (2) the mode of payment; (3) supplying tools or equipment; (4) belief of the parties in the existence of an employer-employee relationship; (5) control over the means used in the results reached; (6) length of employment; and (7) establishment of the work boundaries.

*Hale v. Kemp*, 579 N.E.2d 63, 67 (Ind. 1991). Under Indiana law, determining a person's employment status is an issue of subject matter jurisdiction for which the trial judge acts as the finder of fact. See *Downham v. Wagner*, 408 N.E.2d 606, 610-11 (Ind. App. 1980). In a federal case like this one, however, employment status under Indiana law goes to the merits of the claim and is a mixed issue of law and fact appropriate for submission to a jury if the facts are in dispute. *Reboy v. Cozzi Iron & Metal, Inc.*, 9 F.3d 1303, 1306 & n.4 (7th Cir. 1993) (distinguishing *Downham*).

In determining whether the case should be dismissed under Rule 12(b)(6), the court must treat the factual allegations in the complaint as true, construe the allegations liberally, and draw all reasonable inferences in the plaintiff's favor. See *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005). A complaint need not make detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but it must contain more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). In addition, factual allegations in the complaint must raise a right to relief that is not merely speculative. *Id.* at 1965. A complaint need not anticipate and rebut an affirmative defense, see *Gomez v. Toledo*, 446 U.S. 635,

640 (1980), cited in *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005), such as the worker's compensation exclusivity provision. Ebea did not plead himself out of court; his complaint does not show that he was certainly an employee of G&H for purposes of the worker's compensation law. Cf. *Lewis*, 411 F.3d at 842 (affirming dismissal where complaint affirmatively showed that claim was barred by statutory immunity). Count Four of Ebea's complaint sufficiently pleads a claim that G&H was negligent and caused injury to him. The complaint is silent regarding Ebea's employment relationship with G&H. Nothing in its allegations shows that Ebea was necessarily an employee of G&H.

In the briefs filed on the motion to dismiss, G&H and Ebea disagree about whether Ebea was employed by G&H at the time of his injury under the seven-factor *Hale* test. Determining which party is correct in its assessment of Ebea's employment status is not a question this court can decide on a Rule 12(b)(6) motion to dismiss. See *Reboy*, 9 F.3d at 1306 ("[E]mployment status under Indiana law [is] a mixed question of law and fact triable by a jury."). Because the allegations against G&H in Count Four of the complaint could result in relief for Ebea if he was an independent contractor at the time of his injury, the motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) must be denied. See *Brown*, 398 F.3d at 908-09.

*Summary Judgment*

In response to the motion to dismiss for lack of subject matter jurisdiction, Ebea submitted evidence outside the pleadings, as is permissible under Rule 12(b)(1). In its reply brief, G&H has asked the court to convert its motion to dismiss into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure because "[t]he Plaintiff has submitted evidence that he wishes the Court to consider, and therefore is not resting on the pleadings." G&H's Reply Br. 1, 2. The court declines to do so.

G&H initially and understandably, but mistakenly, moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Based on the misguided motion, it is not surprising that Ebea responded with his own affidavits and other evidence. "In ruling on a motion to dismiss for lack of subject matter jurisdiction, a trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support." *GKN Co.*, 744 N.E.2d at 399 (applying Indiana law); accord, *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (*en banc*) (applying federal rules); *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676-77 (7th Cir. 2001) (same). G&H submitted the affidavits of two G&H employees and the contract between Express Personnel and G&H with its brief. Ebea responded with numerous exhibits, including the affidavit of Ebea, the contract between Express Personnel and G&H, several documents related to Ebea's worker's compensation proceedings with Express Personnel, and his W-2 from Express Personnel. Following this exchange of documents, G&H requested in its reply brief that the court convert its motion

to dismiss under Rule 12(b)(1) into a motion for summary judgment under Rule 56. G&H's supplemental reply in support of its motion contains the entire transcript of Ebea's deposition.

Under Rule 12(d) of the Federal Rules of Civil Procedure, when a defendant who has moved to dismiss an action under Rules 12(b)(6) or 12(c) submits with its motion documents that fall outside the pleadings, the court must either exclude those documents or convert the motion into a motion for summary judgment. See *Beam v. IPCO Corp.*, 838 F.2d 242, 244-45 (7th Cir. 1988). When a motion to dismiss is converted into a motion for summary judgment, the opposing party must receive notice and the opportunity to present additional evidence pertinent to a motion for summary judgment. See Rule 12(d). In addition, the opposing party ordinarily may conduct discovery on relevant matters before the court rules on the converted motion. See *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).

If G&H had intended for this court to consider its motion to dismiss as a motion for summary judgment, it should have sought this relief directly by complying with the procedural requirements for a motion for summary judgment that are set forth in Local Rule 56.1. Because G&H has not done this, the court will not convert its motion to dismiss into a motion for summary judgment and will therefore exclude from its consideration documents attached to the briefs submitted by G&H and Ebea. In addition, in light of the expanded record the

-8-

parties have actually submitted, the court must note that it seems that a motion by either party for summary judgment regarding Ebea's employment relationship with G&H would be unlikely to succeed. "'[D]ual employment' issues in the worker's compensation context have had a tendency to generate fractured rulings from Indiana's courts. The ad hoc balancing of seven different factors does not seem to lead to predictable results in these types of cases." *Wishard Memorial Hospital v. Kerr*, 846 N.E.2d 1083, 1088 (Ind. App. 2006). The *Hale* factors "must be weighed against each other as a part of a balancing test as opposed to a mathematical formula where the majority wins." *Id.*, quoting *GKN*, 744 N.E.2d at 402 (affirming denial of motion to dismiss); see also *Jennings v. St. Vincent Hospital and Health Care Center*, 832 N.E.2d 1044 (Ind. App. 2005) (divided appellate decision as to whether nurse hired by temporary employment agency was also an employee of hospital where he was assigned). A defendant who claims to be an employer and asserts the affirmative defense has the burden of proving that defense. *Wishard Memorial Hospital*, 846 N.E.2d at 1094 (affirming as not clearly erroneous the trial court's rejection of the defense); *Jennings*, 832 N.E.2d at 1051 (affirming trial court's finding that defense applied).

For the foregoing reasons, G&H's motion to dismiss is hereby denied. If the parties believe they may be ready for trial sooner than April 2009, they should confer and contact the court for an earlier trial date.

So ordered.

Date: May 1, 2008

*David F. Hamilton*

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

-10-

Copies to:

William M. Berish
MEILS THOMPSON DIETZ & BERISH
wberish@meilsattorney.com

Swaray Edward Conteh
contehlaw@att.net

Jared Adam Harts
LOCKE REYNOLDS LLP
jharts@locke.com

Rick D. Meils
MEILS THOMPSON DIETZ & BERISH
rmeils@meilsattorney.com

John W. Mervilde
MEILS THOMPSON DIETZ & BERISH
jmervilde@meilsattorney.com

Lloyd H. Milliken Jr.
LOCKE REYNOLDS LLP
lmilliken@locke.com

Nicholas C. Pappas
LOCKE REYNOLDS LLP
npappas@locke.com